*1087 OPINION.
Smith:
The question presented here is whether the petitioners are permitted to deduct from their gross incomes of 1921, the difference between the cost to them of their preferred stock in the Atlantic City Co. and the value of shares of the Atlantic City Gas Co. received by them in 1921. The cost to the petitioners and the fair market value on March 1, 1913, of each share of preferred stock of the Atlantic City Co. was $90 per share. For each share of preferred stock owned each petitioner received one-half share of Atlantic City Gas Co. stock. At the date of receipt the Atlantic City Gas Co. stock was worth $20 per share. Therefore, if the petitioners are to prevail in these proceedings each one is entitled to deduct from gross income of 1921, $80 in respect of each share of preferred stock of the Atlantic City Co. owned on January 1,1921.
Petitioners claim that they are entitled to deduct the loss by reason of the provisions of section 214 (a) (5) and section 201 .(c) of *1088 the Kevenue Act of 1921. Section 214 (a) (5) permits a taxpayer to deduct from his gross income:
Losses sustained during tlie taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; ⅜ * *
Section 201 (c) of the same statute provides:
(e) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sala or other disposition of the stock or shares by the distributee.
It is the contention of the respondent that the petitioners are barred from deducting their losses by section 202 of the statute which reads in part as follows:
(a) That the basis for ascertaining the gain derived or'loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—
* * * * * * *
(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—
(1) When any such property held for investment, or for productive use in trade or business (including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use.
It is the contention of the petitioners that they did not exchange their shares of preferred stock in the Atlantic City Co. for shares of stock in the Atlantic City Gas Co. but that they received their stock in the latter company as a result of the liquidation of the Atlantic City Co., and that, therefore, section 202 (c) (1) is not controlling here. It is further contended that in the present case there was no “ exchange ” within the usual and ordinary meaning of that term; that an “ exchange ” is the giving of one thing or commodity for another; barter; the act of giving and receiving reciprocally; mutual transfer (Century Dictionary); and that the transaction in the present case was not a reciprocal or mutual transfer or barter.
The record of this action indicates that the petitioners entered into an agreement with the Atlantic City Co. in 1920 under which they were to receive upon the liquidation of the Atlantic City Co. a smaller amount of the stock of the Atlantic City Gas Co. than they would have received had they not entered into such an agreement; that whereas they received one share of the stock of the Gas Co, for each *1089 two shares of preferred stock of the Atlantic City Co. owned by them, nonassenting stockholders, of which there were only two, received 1% shares of Atlantic City Gas Co. stock for each share of preferred stock of the Atlantic City Co. The entering into this agreement by the petitioners with the Atlantic City Co. and C. H. Geist makes the distribution by the Atlantic City Co. more than a liquidating dividend. The petitioners agreed to and did exchange their stock in the Atlantic City Co. for shares of stock in the Atlantic City Gas Co. The dissolution of the Atlantic City Co., although forced by the requirements of the Public Service Commission of the State of New Jersey, does not, in our opinion, affect the status of this transaction. See Geo. L. De Blois et al., 12 B. T. A. 1138. The petitioners undeniably held their stock in the Atlantic City Co. as investments; pursuant to the agreement which they made with the Atlantic City Co. and C. II. Geist they received in exchange for their shares of preferred stock a certain number of shares of the capital stock of the Atlantic City Gas Co. This transaction constituted the exchange of one investment for another investment of a like kind or use. Section 202 (c) (1) of the Revenue Act of 1921 is controlling and prevents the petitioners from deducting from gross income the losses claimed to have been sustained in 1921.
lie viewed by the Board.

Judgment will be entered under Rule 50.

Phillips and Milliken dissent.